| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | MICHELLE LO (NYRN 4325163)<br>Chief, Civil Division |
| 3 | PAMELA T. JOHANN (CABN 145558)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 6 | Telephone: (415) 436-7025<br>FAX: (415) 436-7234 |
| 7 | pamela.johann@usdoj.gov |

Attorneys for Defendant XAVIER BECERRA, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | No. 23-cv-05925-LJC |
| Plaintiff, | ) | **STIPULATION AND** ~~[PROPOSED]~~ **ORDER AS MODIFIED TO PERMIT PLAINTIFF TO PROCEED PSEUDONYMOUSLY** |
| v. | ) | |
| XAVIER BECERRA, et al., | ) | |
| Defendants. | ) | |

Defendants, by and through their counsel, and Plaintiff, proceeding *pro se*, hereby stipulate as follows:

1. November 16, 2023, Plaintiff filed a complaint to obtain judicial review of a decision by the Medicare Appeals Council. Dkt. No. 1. Concurrently with the filing of the Complaint, Plaintiff filed a motion under Civil Local Rule 79-5 to file her complaint, further pleadings, and the administrative record under seal because they disclose or will disclose her medical records and private medical information. Dkt. No. 2.

2. On December 12, 2023, the Court denied Plaintiff's motion to file the case under seal in its entirety as overbroad, without prejudice to Plaintiff's ability to bring another motion to seal in compliance with Civil Local Rule 79-5(a). The Court instructed Plaintiff to file a renewed motion to

seal "only as to the Complaint and its accompanying exhibits and/or a motion to proceed pseudonymously no later than fourteen days from the date of" the Order.

3. On December 21, 2023, Plaintiff brought a motion to proceed pseudonymously, to redact information identifying her from the pleadings or to maintain such pleadings under seal, and to file and maintain the administrative record under seal.

4. On January 5, 2024, counsel for Defendants and Plaintiff met and conferred about Plaintiff's motion. Plaintiff believes that use of a pseudonym is necessary to protect her from potential harassment and discrimination in connection with her transgender identify. *See Doe v. Progressive Cas. Ins. Co.*, No. 21-cv-02602-BLF, 2023 WL 5960772 (N.D. Cal. Aug. 21, 2023). *See* Declaration of Jane Doe, filed concurrently herewith. Defendant does not oppose Plaintiff's request to proceed pseudonymously or to maintain the previously filed pleadings that contain identifying information under seal.

5. Accordingly, the parties stipulate, and request that the Court enter an order, as follows:

    a. Plaintiff may proceed in this action under the pseudonym "Jane Doe." Plaintiff's name and personally identifying information, such as name, address, telephone number, and email address, shall be redacted from all filings not maintained under seal.

    b. Any document filed by Plaintiff need not comply with the requirement in Civil Local Rule 3-4(a)(1) that all documents presented for filing must contain the address, telephone number, and email address of the filing party.

    c. By January 26, 2024, Plaintiff shall refile her complaint, Dkt. No. 1, with a corrected caption and with redactions to the exhibits to conceal any identifying information. Plaintiff may file page 8 of Exhibit B, which contains a medical record from UCSF Health, under seal.

    d. The Clerk shall unseal the entire case. The documents filed prior to this Stipulation that identify Plaintiff by name shall remain under seal.

    e. Prior to unsealing the case, the clerk shall correct the Civil Docket so that all references to Plaintiff's name and personally identifying information in the case name, participant listing, and docket entries are removed. To the extent the clerk is unable to edit previous docket entries to eliminate such references, the clerk shall seal such docket entries so that they do not appear on the

docket sheet.

6. To the extent that the Court deems it necessary to unseal any other documents previously filed in the case, the parties respectfully request that (1) the Court refile any court-filed orders or documents with a corrected caption reflecting Plaintiff's pseudonym and eliminating any personally identifying information; and (2) the Court instruct Plaintiff as to which additional docket entries she is directed to refile.

7. Defendant is in the process of preparing the administrative record for this case. Defendant does not yet know how voluminous the record will be, or to what extent the record contains information that would need to be redacted or sealed. Once the record has been prepared, Defendant or Plaintiff may file an administrative motion to file the record under seal.

8. This stipulation supersedes Plaintiff's motion filed on December 12, 2023, and if the Court grants this stipulation, Plaintiff withdraws her motion or requests that it be denied as moot.

**ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), the filer of this document attests that all signatories listed below concur in the filing of this document.

DATED:  January 12, 2024                         Respectfully submitted,

                                                 ISMAIL J. RAMSEY
                                                 United States Attorney

                                                 _/s/ Pamela T. Johann_
                                                 PAMELA T. JOHANN
                                                 Assistant United States Attorney

                                                 Attorneys for Defendant UNITED STATES

DATED: January 19, 2024                          JANE DOE

                                                 _/s/ Jane Doe_
                                                 JANE DOE

                                                 Plaintiff

1                                      **[PROPOSED]** ORDER AS MODIFIED

Pursuant to the stipulation of the parties, and good cause appearing therefor, IT IS SO ORDERED.

      1.      In the Ninth Circuit, to determine whether the use of a fictious name is appropriate, the Court must ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Court finds that, given the parties' stipulation above, there is no prejudice to Defendants in allowing Plaintiff to proceed pseudonymously. The Court has also considered the public's interests, independent of the parties' representations in this stipulation, and determined that "the public's interest in Plaintiff's identity, as opposed to her allegations, is low," and allowing "Plaintiff to continue her litigation as a Jane Doe still provides the public with continued access to the legal issues and the court's resolution of those issues." *Doe v. Lee*, No. C 13-04029 LB, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014). Accordingly, to protect Plaintiff from potential harassment and discrimination in connection with her transgender identity, Plaintiff may proceed in this action under the pseudonym "Jane Doe."

      2.      Any document filed by Plaintiff need not comply with the requirement in Civil Local Rule 3-4(a)(1) that all documents presented for filing must contain the address, telephone number, and email address of the filing party.

      3.      The Clerk shall unseal this case. The documents filed prior to the stipulation of the parties that identify Plaintiff by name shall remain under seal.

      4.      By January 26, 2024, Plaintiff shall refile her complaint, Dkt. No. 1, with a corrected caption and with redactions to the exhibits to conceal any identifying information. Plaintiff may file page 8 of Exhibit B, which contains a medical record from UCSF Health, under seal.

//
//
//
//
//

5. Prior to unsealing the case, the clerk shall correct the Civil Docket so that all references to Plaintiff's name and personally identifying information in the case name, participant listing, and docket entries are removed. To the extent any docket entries that contain such references cannot be corrected to substitute "Jane Doe" in the place of Plaintiff's name or eliminate personally identifying information, the clerk shall seal such docket entries so that they do not appear on the docket sheet.

DATED: January 19, 2024

_____
THE HON. LISA J. CISNEROS
United States Magistrate Judge